UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CASE NO.:

Juana V. Gordillo,
and other similarly situated individuals,

    Plaintiff (s),

v.

Optimum Point of Care
Physicians Group, LLC,
Lloyd Leiva, and Nilsa Leiva, individually

    Defendants.
_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff Juana V. Gordillo and other similarly situated individuals, by and through the undersigned counsel, and sues Defendants Optimum Point of Care Physicians Group, LLC, Lloyd Leiva, and Nilsa Leiva, individually, and alleges:

### Jurisdiction Venues and Parties

1. This is an action to recover money for unpaid overtime wages under United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Juana V. Gordillo is a resident of Sarasota County, Florida, within this Honorable Court jurisdiction and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Optimum Point of Care Physicians Group, LLC (from now on, Optimum Point of Care, or Defendant) is a Florida Profit Corporation having a place of business in Bradenton, Manatee County, Florida. Defendant is engaged in interstate commerce.

4. The individual Defendants Lloyd Leiva, and Nilsa Leiva, were and are now the owners/partners and operators of Optimum Point of Care. These individual defendants were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this Complaint took place in Manatee County, Florida, within this Court's jurisdiction.

## Allegations Common to All Counts

6. This cause of action is brought by Plaintiff Juana V. Gordillo as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current

and former employees similarly situated to Plaintiff ("the asserted class") who worked more than forty (40) hours during one or more weeks on or after May 2020 (the "material time") without being compensated overtime wages pursuant to the FLSA.

7. Defendant Optimum Point of Care is a private health care clinic providing primary care to the community in Bradenton, Florida. The Defendants' facility is located at 3904 Cortez Road West, Bradenton, FL 34210.

8. Defendants Optimum Point of Care, Lloyd Leiva, and Nilsa Leiva employed Plaintiff Juana V. Gordillo as a patient and referral coordinator from approximately May 04, 2020, through April 29, 2022, or 103 weeks.

9. Plaintiff was a non-exempted, full-time hourly employee. At hiring, Plaintiff was promised a wage rate of $19.00 an hour and a minimum of 40 hours weekly. Plaintiff's overtime rate should be $28.50 an hour.

10. During her employment with Defendants, Plaintiff worked as follows:

11. <u>1.- For approximately five months or twenty weeks</u>, Plaintiff worked exclusively at the clinic. Plaintiff had a regular schedule, and she worked from Monday to Friday, from 7:30 AM to 5:00 PM (9.5 hours daily), or 47.5 hours weekly. Plaintiff was unable to take bonafide lunchtime.

12. <u>For the remaining weeks (83 weeks),</u> Plaintiff worked from home a regular schedule of 5 days per week, from Monday to Friday, from 6:30 AM to 6:30 PM (12 hours daily). Plaintiff completed 60 hours weekly. Plaintiff was unable to take bonafide lunchtime.

13. In addition, twice Saturdays per month, Plaintiff worked a minimum of 1 hour.

14. Thus while employed by Defendants, Plaintiff worked 20 weeks of 47.5 hours, 42 weeks of 60 hours, and 41 weeks of 62 hours.

15. Plaintiff always worked more than 40 hours weekly, but she was paid for only 40 regular hours. Plaintiff was not paid for overtime hours.

16. The Defendants did not maintain a time-keeping method. Plaintiff did not clock in and out, but Defendants were able to track Plaintiff's hours.

17. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

18. Plaintiff was paid bi-weekly by direct deposits without paystubs showing basic information about the actual number of days and hours worked by Plaintiff. Defendants refused to provide Plaintiff with pay stubs.

19. Plaintiff complained about overtime hours several times, but Defendants always told her that they would pay only up to 40 hours weekly. On or about April 29, 2022, Plaintiff resigned from her position due to Defendants' unfair employment practices.

20. Plaintiff Juana V. Gordillo seeks to recover accumulated unpaid overtime hours, liquidated damages, and any other relief as allowable by law.

<u>Collective Action Allegations</u>

21. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

22. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for overtime hours at the rate of time and one-half their regular rate.

23. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendants who are and were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime hours at the rate of time and one-half their regular rate of pay for every hour worked over forty.

**COUNT I:**

## WAGE AND HOUR FEDERAL STATUTORY VIOLATION of 29 U.S.C. § 207 (a)(1); FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

24. Plaintiff Juana V. Gordillo re-adopts every factual allegation stated in paragraphs 1-23 above as if set out in full herein.

25. Plaintiff Juana V. Gordillo, and those similarly situated, bring this action to recover from the employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

26. The employer, Optimum Point of Care, was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a health care organization working in connection with the activities of a public agency. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the

Employer/Defendant operates as an organization that sells and/or markets its services to customers from throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, and transmits funds outside of the State of Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is enterprise coverage.

27. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce within the meaning of the FLSA. Therefore, there is individual coverage.

28. Defendants Optimum Point of Care, Lloyd Leiva, and Nilsa Leiva employed Plaintiff Juana V. Gordillo as a patient and referral coordinator from approximately May 04, 2020, through April 29, 2022, or 103 weeks.

29. Plaintiff was a non-exempted, full-time hourly employee. At hiring, Plaintiff was promised a wage rate of $19.00 an hour and a minimum of 40 working hours weekly. Plaintiff's overtime rate should be $28.50 an hour.

30. During her employment with Defendants, Plaintiff worked as follows:

31. 1.- For approximately five months or twenty weeks, Plaintiff worked exclusively at the clinic a total of 47.5 hours weekly. Plaintiff was unable to take bonafide lunchtime.

32. For the remaining weeks (83 weeks), Plaintiff worked from home a regular schedule of 5 days per week, 60 hours weekly. Plaintiff was unable to take bonafide lunchtime.

33. In addition, twice Saturdays per Month, Plaintiff worked a minimum of 1 hour.

34. Thus while employed by Defendants, Plaintiff worked 20 weeks of 47.5 hours, 42 weeks of 60 hours, and 41 weeks of 62 hours.

35. Plaintiff always worked more than 40 hours weekly, but she was paid for only 40 regular hours. Plaintiff was not paid for overtime hours.

36. The Defendants did not maintain a time-keeping method. Plaintiff did not clock in and out, but Defendants were able to track Plaintiff's hours.

37. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

38. Plaintiff was paid bi-weekly by direct deposits without paystubs showing basic information about the actual number of days and hours worked by Plaintiff. Defendants refused to provide Plaintiff with pay stubs.

39. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in the Defendants' possession and custody. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

40. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

41. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

42. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

*Plaintiff is not in possession of time and payment records, and she is providing this preliminary good faith estimate of the unpaid overtime

based on her best recollections. Plaintiff will amend her calculations after proper discovery.

a. <u>Total amount of alleged unpaid O/T wages</u>:

Fifty-Three Thousand Nine Hundred Twenty-Two Dollars and 00/100 ($53,922.00)

b. <u>Calculation of such wages</u>:

Total weeks of employment: 103 weeks
    Relevant number of weeks: 103 weeks
    Regular rate: $19.00 x 1.5= $28.50 O/T rate
    O/T rate: $28.50 O/T rate

**1.- Overtime for 20 weeks with 47.5 working hours**

Total number of relevant weeks: 20 weeks
Total hours worked: 47.5 hours weekly average
Total O/T hours: 7.5 hours weekly average
Unpaid O/T hours weekly: 7.5 O/T hours weekly

O/T rate $28.50 x 7.5=$213.75 weekly x 20 weeks=$4,275.00

**2.- Overtime for 83 weeks**

 i.- Overtime for 42 weeks with 60 hours weekly
Total number of relevant weeks: 42 weeks
Total hours worked: 60 hours weekly average
Total O/T hours: 20 hours weekly average
Unpaid O/T hours weekly: 20 O/T hours weekly

O/T rate $28.50 x 20 O/T hours= $570.00 weekly
$570.00 weekly x 42 weeks = $23,940.00

ii.- Overtime for 41 weeks with 62 hours weekly
Total number of relevant weeks: 41 weeks
Total hours worked: 62 hours weekly average
Total O/T hours: 22 hours weekly average

      Unpaid O/T hours weekly: 22 O/T hours weekly

      O/T rate $28.50 x 22 O/T hours= $627.00 weekly
      $627.00 weekly x 41 weeks = $25,707.00

      Total #1 and #2: $53,922.00

c. <u>Nature of wages (e.g., overtime or straight time):</u>

      This amount represents unpaid overtime wages.

43. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provision to properly pay her as provided in said Act.

44. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

45. At times mentioned, individual Defendants Lloyd Leiva and Nilsa Leiva were, and are now, the owners/directors and managers of Defendant Corporation Optimum Point of Care. Individual Defendants Lloyd Leiva

and Nilsa Leiva had absolute financial and operational control of Optimum Point of Care. Individual Defendants Lloyd Leiva and Nilsa Leiva were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interest of Optimum Point of Care in relation to its employees, including Plaintiff and others similarly situated, and they are jointly and severally liable for Plaintiff's damages.

46. Defendants Optimum Point of Care, Lloyd Leiva, and Nilsa Leiva, willfully and intentionally refused to pay Plaintiff Juana V. Gordillo overtime wages as required by the United States law and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

47. Plaintiff seeks to recover unpaid overtime wages accumulated from hiring to her last day of employment.

48. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Juana V. Gordillo and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Juana V. Gordillo and other similarly situated and against the Defendants Optimum Point of Care, Lloyd Leiva, and Nilsa Leiva, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff Juana V. Gordillo an equal amount in double damages/liquidated damages; and

D. Award Plaintiff Juana V. Gordillo reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Demand for a Jury Trial

Plaintiff Juana V. Gordillo and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

DATED: October 6, 2022

Respectfully Submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:	(305) 446-1500
Facsimile:	(305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*