UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: Case 8:22-cv-02304-KKM-AAS

Juana V. Gordillo,

    Plaintiff,

v.

Optimum Point of Care
Physicians Group, LLC.,
Lloyd Leiva, individually,
and Nilsa Leiva, individually,

    Defendants.
_____/

**JOINT MOTION FOR ENTRY OF ORDER APPROVING
SETTLEMENT AND DISMISSING CASE WITH PREJUDICE**

Plaintiff, JUANA V. GORDILLO, (hereinafter, "Plaintiff"), and Defendants, OPTIMUM POINT OF CARE PHYSICIANS GROUP, LLC., LLOYD LEIVA, and NILSA LEIVA (hereinafter, collectively as "Defendants"), by and through undersigned counsel, hereby file this Joint Motion for Entry of Order Approving Settlement and jointly request that this Honorable Court approve the settlement reached in this matter and dismiss this case with prejudice, and in support thereof, state:

**MEMORANDUM OF LAW**

**I.**    **Legal Principles**

This is an action brought by Plaintiff for alleged unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 210 *et. seq*. Defendants deny any and all liability with regards to Plaintiff's claims, including the amount of any alleged unpaid overtime wages in this action and assert that Plaintiff was at all times properly compensated under the FLSA. Additionally, Defendants have asserted a Counterclaim against Plaintiff alleging unjust enrichment stemming from payments made by Defendants to Plaintiff following her resignation of her employment with Defendant OPTIMUM POINT OF CARE PHYSICIANS GROUP, LLC.

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which contested claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. See 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an Order approving the settlement. *Id*. In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiff's FLSA claims against Defendants. The proposed settlement arises out of an action brought by Plaintiff against her alleged former employers, which was adversarial in nature.

The Parties agree that the instant action involves disputed issues. Notwithstanding, although Defendants vehemently dispute their liability for the allegedly owed overtime wage payments to Plaintiff, they have ultimately agreed to waiver their Counterclaim and pay Plaintiff in full settlement of the disputed claims.

With regards to legal fees, a court reviewing an FLSA settlement must review "the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the

wronged employee recovers under a settlement agreement." *Silva v. Miller*, 2009 WL 73164, *2 (11th Cir. Jan. 13, 2009).

## II. Terms of Settlement

1. This case involves claims made by Plaintiff for alleged unpaid overtime wages under the FLSA and a Counterclaim by Defendants seeking recoupment of money paid following Plaintiff's separation from employment.

2. Defendants vehemently dispute Plaintiff's claims and assert that at all times Plaintiff was properly compensated for all hours worked. Furthermore, Defendants assert that Plaintiff was an exempt employee under the FLSA's Administrative and Executive exemptions.

3. Notwithstanding, after extensive negotiations held at the Court ordered Mediation in this matter, the parties were able to reach a settlement between them that resolved all of Plaintiff's claims, including those for attorney's fees and costs.

4. Plaintiff and Defendants herein state that the settlement reached between them with respect to Plaintiff's claimed FLSA damages represents a fair and reasonable resolution of disputed claims and that the terms of the settlement are acceptable to both Plaintiff and Defendants. Specifically, based upon their respective estimates of Plaintiff's underlying claims and her claims for attorneys' fees and costs, the parties negotiated the settlement amount herein.

5.  In settlement, Defendants will waive their Counterclaim for unjust enrichment wherein they were seeking $4,560.00 and thereafter pay Plaintiff JUANA V. GORDILLO a total of $7,500.00 as full relief and compensation of any alleged unpaid overtime wages and liquidated damages under the FLSA. From this amount, $3,750.00 shall be allocated in satisfaction of Plaintiff's claim for unpaid overtime "wages"; and $3,750.00 shall be allocated in satisfaction of Plaintiff's claim for "liquidated damages". The parties agree that upon careful review of Plaintiff's dates of alleged employment; days per week Plaintiff actually worked; hours which Plaintiff worked; time and pay records; and all available evidence pertaining to Plaintiff's employment, this amount represents a fair and reasonable compromise of the disputed claims.

6.  Notwithstanding, the parties agree that there are genuine disputes as to whether or not Plaintiff was an exempt employee pursuant to the executive and administrative exemptions of the FLSA; whether or not Plaintiff worked the alleged number of hours on a weekly basis; whether or not Plaintiff was in fact paid properly for all hours Plaintiff allegedly worked; and whether or not any alleged violations of the FLSA, if any, were willful. Notwithstanding, based on the disputed issues of fact, Plaintiff could have been barred from any recovery in this matter with regards to her claims under the FLSA had Defendants prevailed on their defenses, and/or had Plaintiff not been able to

overcome the exemptions.

7. Accordingly, the amount of this settlement to Plaintiff is fair and reasonable given that: Plaintiff will be receiving reasonable compensation for her highly disputed FLSA claims ($3,750.00), plus an equal amount in liquidated damages ($3,750.00); Plaintiff's claims are highly disputed, especially in light of time and pay records reflecting considerable less hours per week worked by Plaintiff and a substantial number of weeks in which Plaintiff did not work overtime; and the fact that Plaintiff could be barred from recovery in this matter should defendants prevail on the exemption issue or should Plaintiff not be able to establish her claims at trial.  Additionally, this settlement is also reasonable given the high costs of defending and litigating this matter further and the time and resources which would have been expended by both parties in taking this matter to trial.  This settlement was arrived at after considerable negotiation by the parties, and Defendants do not admit any liability in this action.

8. Separate and apart, Plaintiff's counsel shall receive $4,500.00 in attorney's fees and $500.00 in costs, which have been incurred to date in this action, including preparation and/or review of all settlement documents.  Plaintiff's counsel, who has over 16 years of experience litigating employment related matters, charges an hourly rate of $400.00.  This rate has been consistently

       approved by Courts in this District as well as Courts in the Southern and Northern Districts of Florida. ("Plaintiff's counsel, Mr. Zandro E. Palma, Esq., charges an hourly rate of $400.00 for litigating employment cases in both federal and state court. [27-2] at 3. The Court does not find this hourly rate excessive."). See, e.g., *Toledo v. Vioss Vision, Inc.*, No. 18-20309-CIV, 2019 WL 5689246, at *2-3 (S.D. Fla. Oct. 31, 2019) (finding counsel's hourly rate of $425.00 to be reasonable where the attorney had been a member of the Florida Bar for twenty years, was the founder of his law firm, and specialized in employment and labor matters)" See, e.g., *Restrepo v. Modern Roofing Experts, Inc., et al.*, Case No.: 2:21-cv-14080-KMM, [D.E. 28] (S.D. Fla. Apr. 2, 2021). "[Mr. Palma's] customary rate for new clients is $400.00 per hour. See [ECF No. 46-1 at ¶ 12]. Based on the Court's expertise and familiarity, regarding prevalent market rates for attorneys with like experience to Plaintiffs' counsel herein, the Court finds the hourly rate of $400.00 per hour reasonable under the circumstances." See, *Briseno, et al. v. Cuprys and Associates, et al.*, Case No.: 2:22-cv-20139-LMR, [D.E. 47] (S.D. Fla. Jul. 22nd, 2022).

9. Plaintiff's counsel hereby certifies that he has expended over 26 hours on this matter to date, which includes time spent reviewing employment records, mediation, attorney-client communications, litigating the counterclaims

asserted against Plaintiff, and other off-the-record activity. Notwithstanding, Plaintiff's counsel's attorney's fees and costs were substantially reduced in good faith in order to facilitate settlement.

10. The parties' settlement agreement is attached hereto as **Exhibit A**.

11. The attached agreement includes every term and condition of the parties' settlement.

12. Having agreed to the terms of the settlement reached, Plaintiff and Defendant respectfully request that this Honorable Court approve the settlement between the parties.

13. Accordingly, the parties respectfully request that this Court approve the Settlement attributed to Plaintiff's FLSA claims, dismiss this action with prejudice in its entirety, and otherwise deny any pending motions as moot.

WHEREFORE, the Parties respectfully request that this Honorable Court approve the parties' settlement, dismisses this action with prejudice, and deny any pending motions as moot.

DATED this 6th day of February 2023.

Respectfully submitted,

| | |
|---|---|
| /s/Zandro E. Palma_____ | /s/Michael R. Willats_____ |
| Zandro E. Palma, Esq. | Michael R. Willats, Esq. |
| Florida Bar No.: 0024031 | Florida Bar No.: 0121270 |
| **ZANDRO E. PALMA, P.A.** | **SHANKMAN LEONE, P.A.** |
| 9100 S. Dadeland Blvd., | 707 North Franklin Street, |

| | |
|---|---|
| Suite 1500 | 5th Floor |
| Miami, Florida 33156 | Tampa, Florida 33602 |
| Telephone No.: (305) 446-1500 | Telephone No.: (813) 223-1099 |
| Facsimile No.: (305) 446-1502 | Facsimile No.: (813) 223-1055 |
| zep@ThePalmaLawGroup.com | mwillats@shankmanleone.com |
| ***Attorney for Plaintiff*** | ***Attorney for Defendants*** |